PUOY K. PREMSRIRUT, ESQ.
Nevada Bar No. 7141
**BROWN BROWN & PREMSRIRUT**
520 S. Fourth Street, 2nd Floor
Las Vegas, NV 89101
(702) 384-5563
(702) 385-6965 Fax
puoy@brownlawlv.com

**ROME & ASSOCIATES**
Eugene Rome, Esq.
Brianna E. Dahlberg, Esq.
2029 Century Park East, Suite 450
Los Angeles, CA 90067
Tel. (310) 282-0690
erome@romeandassociates.com
bdahlberg@romeandassociates.com
*Attorneys for Defendant/Counterclaimant*
*NEW U LIFE CORPORATION*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| T1 PAYMENTS LLC, a Nevada limited liability company,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>NEW U LIFE CORPORATION, a California corporation,<br><br>　　　　　　　　Defendant.<br><br>AND RELATED COUNTERCLAIM | CASE NO.: 2:19-cv-01816-APG-DJA<br><br>**JOINT STIPULATION TO EXTEND JURISDICTIONAL DISCOVERY DEADLINE FOR TWO DEPOSITIONS**<br><br>**(First Request)** |

　　　　Pursuant to Fed. R. Civ. P. 16(b)(4) and Local Rules IA 6-1, L.R. 26-3, Defendant and Counterclaimant New U Life Corporation ("New U Life"), Plaintiff and Counterclaim-Defendant T1 Payments LLC and Counterclaim-Defendants T1 Payments Limited, TGlobal Services Limited, Donald Kasdon, Amber Fairchild, and Debra King (the "T1 Parties") and Counterclaim Defendant Payvision B.V. ("Payvision") (collectively, the "Parties") jointly request that the Court extend the upcoming jurisdictional discovery deadline by approximately one month for the sole purpose of

completing two depositions. Good cause exists to grant this joint request because the extension is needed to accommodate the schedules of Payvision's Rule 30(b)(6) representative, Maria Alida Johanna Ruijters-Terpstra, and third party witness, Joe Emig, who were not available for depositions prior to the current jurisdictional discovery deadline of March 25, 2022.

## I.     PROCEDURAL BACKGROUND

On January 21, 2022, the Court issued its Order: (1) denying Payvision's motion to dismiss New U Life's counterclaims against it for lack of personal jurisdiction and *forum non conveniens*; (2) granting Payvision's motion to dismiss for failure to state a claim with leave to amend; and (3) granting in part the T1 Parties' motions to dismiss with leave to amend. ECF No. 194.

The Court further ordered that jurisdictional discovery[1] as to Payvision is open until March 25, 2022, and that within 30 days after jurisdictional discovery closes, Payvision may move to dismiss for lack of personal jurisdiction and *forum non conveniens*. *Id*. at 30. The Court further ordered that New U Life may file a Second Amended Counterclaim ("SACC") by February 18, 2022. *Id*.

On February 3, 2022, the Court entered the Parties' stipulation extending New U's deadline to file a SACC to April 4, 2022 (*i.e.*, 10 days after the close of jurisdictional discovery), and permitting the T1 Parties and Payvision 30 days after New U files its SACC to respond to the SACC. ECF No. 200.

## II.     THE PARTIES HAVE COMPLETED THE FOLLOWING JURISDICTIONAL DISCOVERY

The Parties have been diligent in pursing jurisdictional discovery. New U Life served written jurisdictional discovery requests upon Payvision, and Payvision has produced responses and documents.

---

[1] In an Order dated July 7, 2021, the Court ordered discovery against Payvision stayed. (ECF No. 148). Except for the jurisdictional discovery permitted by its January 21, 2022 Order (ECF No. 194) the Court's July 7, 2021 Order remains in full force and effect.

### III. JURISDICTIONAL DISCOVERY TO BE COMPLETED

New U seeks to take the deposition of Maria Alida Johanna Ruijters-Terpstra, a Payvision representative who has given prior declaration testimony on jurisdictional issues. Payvision has also designated Ms. Ruitjers-Terpstra as its Rule 30(b)(6) representative on certain jurisdictional topics.[2] The Parties have agreed that Ms. Ruitjers-Terpstra will appear for her deposition by video conference from the Netherlands, where she lives. Due to the time difference, the Parties agreed to split the deposition into two days. The earliest dates on which Ms. Ruitjers-Terpstra and counsel are available are March 30 and 31, which are after the current jurisdictional discovery deadline of March 25.

New U also seeks to take the deposition of former Payvision US Inc. ("Payvision-US") employee, Joe Emig. Mr. Emig worked with TGlobal Services Limited when he was with Payvision-US, and New U believes he would have relevant knowledge of Payvision-US and Payvision's contacts with Nevada. However, counsel for Mr. Emig has advised that he and his client will not be available until April. The Parties are currently in discussions to finalize a date for Mr. Emig's deposition. Given the schedules of the Parties' counsel, Mr. Emig's deposition will likely occur at the end of April. In addition, the T1 Parties' counsel has expressed that they intend to examine Mr. Emig on substantive issues as well during his deposition. To that end, because Payvision does not want to waive its position on personal jurisdiction, Payvision's counsel intends to state on the record prior to the substantive portion of Mr. Emig's deposition that they reserve the right to call back Mr. Emig to question him on substantive issues, should the Court rule that it has personal jurisdiction over Payvision.

### IV. GOOD CAUSE EXISTS TO MODIFY THE SCHEDULE

Granting a brief extension of the jurisdictional discovery deadline to complete the depositions will permit the depositions of Ms. Ruitjers-Terpstra and Mr. Emig to be taken on dates that are convenient to them. New U timely served its deposition notices for these witnesses on February 18, 2022. However, neither Ms. Ruitjers-Terpstra or Mr. Emig were available for

---

[2] New U and the T1 Parties reserve the right to seek to depose Payvision on substantive issues after the Court determines whether it has personal jurisdiction over Payvision.

depositions before the current deadline of March 25, 2022. The requested extension accommodates the schedules of the witnesses and the Parties' counsel. New U's deadline to file the SACC should also be proportionally extended based on the new deadline so that jurisdictional discovery will be completed before the SACC is filed, eliminating any need for additional motions to amend the counterclaim or other motions to supplement based on the new discovery. The Parties agree that the proposed schedule adequately addresses these concerns and is in the best interest of all Parties and judicial efficiency.

Accordingly, and for good cause shown, the Parties respectfully request that the Court grant the following extensions:

|  | Current date: | New date: |
|---|---|---|
| Deadline to complete Jurisdictional Depositions: | March 25, 2022 | May 2, 2022 |
| New U's deadline to file SACC: | April 4, 2022 | May 12, 2022 |
| Deadline for Responses to SACC: | May 4, 2022 | June 13, 2022 |

Date: March 23, 2022

Respectfully submitted,

By: /s/ Brianna Dahlberg
BROWN BROWN & PREMSRIRUT
Puoy K. Premsrirut
ROME & ASSOCIATES, A.P.C.
Brianna Dahlberg (*pro hac vice*)
Eugene Rome (*pro hac vice*)

*Attorneys for New U Life Corporation*

[SIGNATURES CONTINUED ON FOLLOWING PAGE]

/s/ Ari N. Rothman
McDONALD CARANO LLP
Aaron D. Shipley
Tara U. Teegarden
VENABLE LLP
Ari N. Rothman (*pro hac vice*)
P. Randy Seybold (*pro hac vice*)
Jane B. Baber (*pro hac vice*)

*Attorneys for T1 Payments LLC, T1 Payments Ltd., TGlobal Services Ltd., Donald Kasdon, Amber Fairchild, and Debra King*

/s/ Giorgio A. Sassine
GIBBS GIDEN LOCHER TURNER & SENET
Richard Edward Haskin
MUSICK, PEELER & GARRETT LLP
Nathan D. O'Malley
Peter J. Diedrich
Giorgio A. Sassine

*Attorneys for Payvision B.V.*

IT IS SO ORDERED:

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

DATED: March 28, 2022