UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| T1 Payments LLC, | Case No. 2:19-cv-01816-ART-DJA |
| Plaintiff, | |
| v. | **Order** |
| New U Life Corporation, | |
| Defendant. | |
| And related counterclaims. | |

This is a breach of contract action arising out of a credit card processing agreement between Plaintiff T1 Payments and Defendant New U Life Corporation. New U has asserted counterclaims against T1 Payments; T1 Payments Limited; TGlobal Services Limited; Donald Kadson; Debra Karen King; Amber Fairchild (collectively, the "T1 Parties"); Lefebvre International Corporation; Marc Lefevbre (collectively, the "Lefebvre Parties"); and Payvision, B.V. T1 Payments has moved for clarification regarding the Court's order regarding New U's motion to compel. (ECF No. 205). New U has moved to seal an exhibit to its response to that motion, explaining that T1 Payments designated the exhibit confidential. (ECF No. 207).

Because the Court finds that clarification would be beneficial, it grants T1 Payments' motion for clarification. (ECF No. 205). Because T1 Payments responded that it would withdraw the designation, the Court denies New U's motion to seal as moot. (ECF No. 207). The Court finds these matters properly resolved without a hearing. LR 78-1.

**I.     Background.**

    *A.     Motion for clarification.*

T1 Payments moves for clarification of the Court's order granting New U's motion to compel in part regarding the below requests:

**REQUEST FOR PRODUCTION NO. 94:**
All DOCUMENTS[1] that refer and/or relate to any disputes between T1 and any MERCHANT[2] since January 1, 2017.

**REQUEST FOR PRODUCTION NO. 96:**
All COMMUNICATIONS[3] between T1 (including its lawyers) and any MERCHANT (including any lawyer representing the MERCHANT) regarding, relating and/or referring to DISPUTED FUNDS[4] since January 1, 2017.

(ECF No. 181 at 9).

The Court ordered that:

> The T1 Parties have made a compelling argument that the burden of these requests outweigh their relevance. While New U argues that these documents could show a pattern and intent by the T1 Parties, the T1 Parties have explained that the effort required of its single employee to provide this information is enormous. Moreover, the information ultimately produced might not show what New U seeks. As requested, the information sought may be relevant, but is disproportionality vast. The Court thus limits these requests. New

---

[1] "'DOCUMENTS' means 'handwritten, printed, Photostat, recorded, written, graphic, photographic, magnetic, or electronic matter (including, without limitation, audio and/or video tape recordings, electronic mail, and material for computer use), including all original and duplicates, and includes the original or a copy of handwritten, typewritten, printed, and every other means recorded upon any tangible thing and form of communication or representation including computer hard discs, letters, words, pictures, sounds, symbols, or combinations of them.'" (ECF No. 157-2 at 14).

[2] "'MERCHANT' means and refers to any business that submitted transactions for processing pursuant to a written agreement with TG or any TG-RELATED ENTITY. 'TG RELATED ENTITY' means and refers to T1 Payments LLC, T1 Payments Limited, and any other entity that is owned or controlled by Donald Kadson, Debra King or Amber Fairchild, or any other officer or director of TG, T1 Payments LLC or T1 Payments Limited.'" (ECF No. 157-2 at 12).

[3] "'COMMUNICATIONS' means 'any oral or written exchange or transmission of words, whether in-person, telephonic, computerized, or through any other medium, including email, chat and text messages, and whether direct or through one or more intermediaries.'" (ECF No. 157-2 at 16).

[4] "'DISPUTED FUNDS' is defined as 'MERCHANT TRANSACTION proceeds held by T1 as reserves, suspended funds, or setoff funds that are the subject of a dispute between T1 and the MERCHANT.'" (ECF No. 157-2 at 17).

U must identify five complaints to the Better Business Bureau[5] for which T1 Parties shall provide responsive information.

(*Id.* at 9).

When T1 Payments produced this information, it redacted the names of the complaining parties.  (ECF No. 205 at 3).  In its motion, T1 Payments explains that it redacted the names because "two prior Court orders denied New U Life's requests to seek information and documents that would have disclosed the identity of T1 Payments' other merchants, discovery had closed, and all substantive information was disclosed for New U Life to use at it sees fit."  (*Id.* at 3).[6]  T1 Payments argues that New U will call the merchants at trial—but because discovery is closed—this would prevent other parties from conducting discovery into these merchants.  (*Id.* at 5).

T1 Payments relies on previous instances where the Court declined to grant New U's motions to compel T1 Payments to respond to discovery requests to argue that it need not provide these merchant names.  T1 Payments cites a previous order in which the Court declined to compel T1 Payments to further respond to New U's requests—Interrogatory No. 6 and Request for Production Nos. 7 and 8—seeking a list of clients and all processing agreements with those clients.  (ECF No. 205 at 4).   In its order addressing these requests, the Court declined to compel a supplemental response to New U's requests for production because "New U failed to provide the text of the request, the response, and the meet and confer effort for each request and thus, the Court will not dig through each objection to determine its validity or invalidity when New U fails

---

[5] In arguing for a more complete response to these requests, New U pointed out that the requests were intended to seek documents related to Better Business Bureau complaints against T1 Payments.  (ECF No. 157 at 15).

[6] Both T1 Payments and New U make numerous arguments about the relevance of these merchant names.  Essentially, T1 Payments argues that the Court should find the merchant names irrelevant and disproportional.  New U argues that the Court should find them relevant and proportional.  But this is not a motion to compel, for which relevance and proportionality are the key considerations.  Because the Court need not consider whether the merchant names are relevant or proportional to clarify its previous orders, it does not address the parties' relevance arguments.

to meet its burden." (ECF No. 84 at 20-21). Regarding New U's interrogatory, the Court noted that "New U can follow up in depositions on the responses regarding marketing clients…" (*Id.*).

T1 Payments also relies on an order where the Court declined to compel a supplemental response to New U's requests—Request for Production Nos. 95 and 97—seeking all communications between T1 Payments (and its lawyer) and merchants (and their lawyers) relating to early termination fees. (ECF No. 205 at 5).

Regarding these requests, the Court ruled:

> The T1 Parties have argued that New U already has access to some of the information it seeks, but nonetheless seeks to compel the T1 Parties' single employee to conduct an expansive manual search. New U has not responded to this argument, but instead sought to discredit the T1 Parties' concern with the breadth of the request. Because this request is disproportionally burdensome and potentially duplicative in comparison to its relevance—especially because New U may have another source[7] for this information—the Court denies New U's motion to compel responses to these requests. (ECF No. 181 at 10-11).

T1 Payments also relies on a line from that order in which the Court declined to compel a supplemental response to New U's interrogatories—Interrogatory Nos. 14 and 15—asking T1 Payments to identify each merchant it had processed and to state the start and end dates and total volume processed for each. (ECF No. 181 at 7-8). Regarding these, the Court ruled:

> The Court is not convinced that the relevance of this information outweighs the burden described by the T1 Parties. While New U doubts the T1 Parties' representations regarding the commingled nature of funds and the strain placed on T1 Payments' single employee, the Court does not believe New U's doubt—without more—justifies these broad requests. Additionally, it appears that one of the main reasons New U seeks this information is to identify other merchants to subpoena. But this case has been going on since 2019 and is reaching the end of its discovery phase. New U also fails to explain why or how this information would show that the T1

---

[7] The T1 Parties argued that New U has access to some responsive information because its attorneys have represented other merchants like New U with similar claims against the T1 Parties. New U did not address this argument in reply. (ECF No. 181 at 11).

     Parties were illegally aggregating transactions to justify the breadth
     of the requests.  (ECF No. 181 at 7-8).

  T1 Payments explains that redacting merchant information and names was consistent with these orders.  (ECF No. 205 at 5).

  New U responds, pointing out that nothing in the Court's language requiring T1 Payment to produce information related to five Better Business Bureau complaints permitted redaction.  (ECF No. 206 at 2).  Regarding Interrogatory No. 6 and Request for Production Nos. 7 and 8, New U argues that the Court declined to order a further response because New U did not provide the text of the request, the response, and the meet and confer effort for each request.  (ECF No. 206 at 5).  New U emphasizes that the Court ordered that "New U can follow up in depositions on the responses regarding marketing clients."  (*Id.*).  Regarding Request for Production Nos. 95 and 97, New U argues that the Court only declined to compel a further response because the demand on T1 Payments' single employee outweighed the potential relevance of the request.  (*Id.*).  Regarding Interrogatory No. 14, New U asserts that, again, the Court only declined to compel a more complete response because of the strain on T1 Payments' employee.  (*Id.*).  T1 Payments' reply focuses on whether the merchant names are relevant and proportional to the case.  (ECF No. 208 at 2).

  **B.**  ***Motion to seal.***

  New U moves to seal an exhibit to its response to T1 Payments' motion for clarification.  (ECF No. 207).  New U explains that T1 Payments had designated the documents confidential.  (*Id.*).  T1 Payments then filed a notice that it would withdraw the designation and did not object to the exhibit being unsealed.  (ECF No. 209).

**II.**  **Discussion.**

  **A.**  ***The Court grants T1 Payments' motion for clarification.***

  As a preliminary matter, this is not a motion for a protective order nor a motion to compel.  It is a motion for clarification regarding whether the Court's prior orders authorized T1 Payments to redact merchant names from its responses to New U's Request for Production Nos. 94 and 96.

The Court grants the clarification request and answers: its prior orders did not authorize T1 Payments to redact merchant names.

In addressing Interrogatory No. 6 and Request for Production No. 7 and 8, the Court determined that it lacked enough information from New U to compel a further response. (ECF No. 84 at 20-21). It did, however, note that the information New U requested was relevant and, where T1 Payments objected only on relevance grounds, the Court ordered T1 Payments to "supplement its response." (*Id.*). It also noted that New U could inquire about T1 Payments' clients in depositions. (*Id.*). That the Court found the information relevant and addressed the possibility that New U could inquire about T1 Payments' clients in depositions undermines T1 Payments' reliance on this order to redact merchant names. In addressing Request for Production Nos. 95 and 97 and Interrogatory Nos. 14 and 15, the Court found that the burden of the requests outweighed the benefit because responding would place an undue strain on T1 Payments' single remaining employee. The Court did not, however, find that merchant names or information tending to identify merchants was categorically irrelevant or disproportional.

A few sentences in the Court's analysis regarding Interrogatory Nos. 14 and 15 seem to be the cause for the instant motion for clarification.

> Additionally, it appears that one of the main reasons New U seeks this information is to identify other merchants to subpoena. But this case has been going on since 2019 and is reaching the end of discovery.

(ECF No. 181 at 7).

But these sentences must be read in context. In declining to compel a further response to Interrogatory Nos. 14 and 15, the Court considered the relevance and proportionality of the information sought. Through these interrogatories, New U sought the identities of every merchant for whom T1 Payments processed payments since December 13, 2016 and the start and end dates and total volume for each. (ECF No. 181 at 7). The Court noted that New U's intent to subpoena these merchants near the end of discovery—which list of merchants would, according to T1 Payments, number in the thousands—would be disproportionate to the potential relevance of the information, which relevance New U did not fully explain. (*Id.* at 7-8). But while the

Court considered how subpoenaing thousands of merchants at a late stage would be disproportional, it did not find that New U could not obtain merchant names at all. T1 Payments reliance on the Court's prior orders as grounds to redact merchant names from its responses to New U's Request for Production Nos. 94 and 96 is misplaced.

### B. The Court denies New U's motion to seal as moot.

New U moved to seal its exhibit to its response to T1 Payments' motion for clarification—attaching correspondence between T1 Payments and merchant clients who filed Better Business Bureau Complaints—because T1 Payments had marked the documents confidential. (ECF No. 207 at 2). T1 Payments filed a notice with the Court in response, explaining that it withdrew its confidentiality designations over the documents in the exhibit. (ECF No. 209). The Court thus denies New U's motion to seal as moot.

**IT IS THEREFORE ORDERED** that T1 Payments' motion for clarification (ECF No. 205) is **granted.** The Court clarifies that its past orders do not authorize T1 Payments to redact merchant names from T1 Payments' responses to New U's Request for Production Nos. 94 and 96, which requests for production the Court narrowed in its order (ECF No. 181 at 9-10).

**IT IS FURTHER ORDERED** that New U's motion to seal (ECF No. 207) is **denied as moot.** The Clerk of Court is kindly directed to unseal ECF No. 207.

DATED: May 10, 2022

---

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE