UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| T1 Payments, LLC,<br><br>Plaintiff<br><br>v.<br><br>New U Life Corporation,<br><br>Defendant.<br><br>And related counterclaims. | Case No. 2:19-cv-01816-ART-DJA<br><br>**Order** |

Before the Court is New U Life Corporation's motion to seal its second amended counterclaim. (ECF No. 217). New U moves to seal the counterclaim because it contains information which T1 Payments has designated confidential under the parties' stipulated protective order. (*Id.*). In compliance with that order, T1 Payments has filed a declaration to establish sufficient justification for sealing the documents at issue. (ECF No. 220). T1 Payments explains that the information New U redacted and seeks to seal concerns a newly added party, Pixxels Ltd., which "fall[s] within the same category of information that the Court ordered to remain confidential pursuant to the parties' stipulated protective order." (*Id.*). Because the Court finds that T1 Payments has offered sufficient justification to keep the information under seal, the Court grants the motion to seal. (ECF No. 217).

**I.     Discussion.**

The Court grants New U's motion to seal. A party seeking to file a confidential document under seal must file a motion to seal and must comply with the Ninth Circuit's directives in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) and *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016). A party seeking to seal judicial records bears the burden of meeting the "compelling reasons" standard, as articulated in *Kamakana*. *See Kamakana*, 447 F.3d at 1183. Under that standard, "a court may seal records

only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture.'" *Ctr. for Auto Safety*, 809 F.3d at 1097. (quoting *Kamakana*, 447 F.3d at 1179).

Here, the Court grants New U's motion to seal because New U seeks to seal information T1 Payments has designated confidential and which this Court has determined was properly designated. The Court previously found that T1 Payments had properly asserted particularized harm would result if allegations about Pixxels were public and that, balancing the public and private interests, T1 Payments had properly designated information and allegations regarding Pixxels as confidential. (ECF No. 213 at 6-9). T1 Payments adds that the allegations relate to commercially sensitive information which could harm Pixxels' competitive position. Because T1 Payments has established a compelling reason to seal—to protect the competitive position of a newly added party and to seal information the Court has previously determined was properly designated as confidential—the Court grants New U's motion to seal.

**IT IS THEREFORE ORDERED** that New U's motion to seal (ECF No. 217) is **granted**.

DATED: May 23, 2022

---
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE