**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| T1 PAYMENTS LLC, a Nevada limited liability company,<br><br>    Plaintiff,<br><br>v.<br><br>NEW U LIFE CORPORATION, a California corporation,<br><br>    Defendant.<br><br>AND RELATED COUNTERCLAIM | CASE NO.: 2:19-cv-01816-ART-DJA<br><br>**ORDER APPROVING JOINT STIPULATION TO EXTEND BRIEFING SCHEDULE ON PAYVISION B.V.'S MOTION TO DISMISS SECOND AMENDED COUNTERCLAIM (ECF No. 239)**<br><br>**(Second Request)**<br><br>Current Opposition Date:  June 11, 2022<br>Requested Opposition Date:  July 18, 2022<br><br>Current Reply Date: July 25, 2022 Requested Reply Date: August 1, 2022 |

Pursuant to Local Rule IA 6-1, Defendant and Counterclaimant New U Life Corporation ("New U Life") and Counterclaim Defendant Payvision B.V. ("Payvision") (collectively, the "Stipulating Parties") jointly request that the Court extend the briefing schedule on Payvision's

1

Motion to Dismiss Second Amended Counterclaim (ECF No. 239) by one week. The extension is needed due to allow Payvision to complete its production of jurisdictional discovery documents.

## I.      PROCEDURAL BACKGROUND

On January 21, 2022, the Court issued its Order: (1) denying Payvision's motion to dismiss New U Life's counterclaims against it for lack of personal jurisdiction and *forum non conveniens*; (2) granting Payvision's motion to dismiss for failure to state a claim with leave to amend; and (3) granting in part the T1 Parties' motions to dismiss with leave to amend. ECF No. 194.

The Court opened a jurisdictional discovery[1] period as to Payvision, and ordered that within 30 days after jurisdictional discovery closes, Payvision may move to dismiss for lack of personal jurisdiction and *forum non conveniens*. *Id*. at 30. The Court further ordered that New U Life may file a Second Amended Counterclaim ("SACC") by February 18, 2022. *Id*. On March 28, 2022, the Court extended the jurisdictional discovery deadline and filing deadlines for New U Life's SACC and the Counterclaim Defendants' responses to the SACC to accommodate the schedules of two deponents. ECF No. 211.

On May 12, 2022, New U Life filed its SACC. ECF No. 215.  On June 13, 2022, Payvision filed its Motion to Dismiss the SACC based on personal jurisdiction and other grounds. ECF No. 239.

On June 23, 2022, the Court granted the prior stipulation between Payvision and New U Life to extend the briefing schedule for Payvision's Motion to Dismiss by approximately two weeks to allow Payvision to produce two remaining items of jurisdictional discovery: documents extracted from Payvision's customer relationship management (CRM) system, and written answers to three disputed deposition questions. ECF No. 251. Production of the jurisdictional discovery was delayed for two reasons: (1) Payvision's corporate representative was hospitalized; and (2) the law firm of Payvision's lead counsel has suffered an outage of its computer network, telephone, and email systems. *See* Declaration of Giorgio A. Sassine previously filed as ECF No. 247-1.

---

[1] In an Order dated July 7, 2021, the Court ordered discovery against Payvision stayed.  (ECF No. 148).  Except for the jurisdictional discovery permitted by its January 21, 2022 Order (ECF No. 194) the Court's July 7, 2021 Order remains in full force and effect.

## II. THE PARTIES HAVE COMPLETED THE FOLLOWING JURISDICTIONAL DISCOVERY

The Stipulating Parties have been diligent in pursing jurisdictional discovery. New U Life served written jurisdictional discovery requests upon Payvision, and Payvision has produced responses and documents. New U Life took the deposition of Maria Alida Johanna Ruijters Terpstra, Payvision's Rule 30(b)(6) representative on certain jurisdictional topics. New U Life also took the deposition of former U.S. Payvision employee, Joe Emig.

Following Payvision's initial document production and the depositions, counsel for the Stipulating Parties met and conferred regarding several discovery disputes including: (1) certain documents within Payvision's production that had been extracted from Payvision's CRM system in incomplete form with missing headers, and (2) three questions that Ms. Terpstra had been instructed not to answer at her deposition. Counsel for the Stipulating Parties met and conferred by telephone to resolve the disputes. As to the CRM document issue, Payvision agreed to escalate the issue to its software developers to try to work out a solution to extract the documents. As to the instructions not to answer, the Parties discussed having Ms. Terpstra answer the three questions in written form as a compromise.

On June 29, 2022, Payvision produced written answers to the disputed deposition questions. On July 5, 2022, it produced a verification of its answers.

## III. JURISDICTIONAL DISCOVERY TO BE COMPLETED

Payvision has not yet been able to produce the extracted documents, which have been delayed due to factors outside its control. First, on May 5, 2022, counsel for Payvision informed New U Life that its client representative, Ms. Terpstra, was hospitalized. Then, Payvision's counsel informed New U Life that beginning on June 17, 2022, their law firm Musick Peeler & Garrett LLP began experiencing a network interruption that resulted in outages of its computer, telephone, and email systems.

As a result of these problems, Payvision's production of documents from its CRM system has been delayed. Payvision represents that it is currently working on extracting the documents, and hopes to produce them soon. Payvision offered to extend the briefing deadlines for its Motion

to Dismiss by an additional week in order to allow time for Payvision to produce the documents before New U Life's opposition is due.

### IV. GOOD CAUSE EXISTS TO EXTEND THE BRIEFING SCHEDULE

Granting an additional one-week extension of the opposition deadline would allow Payvision additional time to produce the remaining jurisdictional discovery so that New U Life will be able to use it in its opposition. The Stipulating Parties have diligently pursued discovery and worked together cooperatively to resolve disputes. Payvision's document production was delayed due to reasons outside the Stipulating Parties' control. The extension will avoid the need to file any motions to supplement based on the new discovery. The Stipulating Parties agree that the extension is in the best interest of all parties and judicial efficiency.

[CONTINUED ON FOLLOWING PAGE]

Accordingly, and for good cause shown, the Stipulating Parties respectfully request that the Court grant the following extensions to the briefing schedule:

|  | Current date: | New date: |
|---|---|---|
| New U Life's Opposition: | July 11, 2022 | July 18, 2022 |
| Payvision's Reply: | July 25, 2022 | August 1, 2022 |

Date: July 6, 2022                                     Respectfully submitted,


By: /s/ Brianna Dahlberg
    BROWN BROWN & PREMSRIRUT
    Puoy K. Premsrirut
    ROME & ASSOCIATES, A.P.C.
    Brianna Dahlberg (*pro hac vice*)
    Eugene Rome (*pro hac vice*)

    *Attorneys for New U Life Corporation*


/s/ Giorgio A. Sassine
    GIBBS GIDEN LOCHER TURNER & SENET
    Richard Edward Haskin
    MUSICK, PEELER & GARRETT LLP
    Nathan D. O'Malley
    Peter J. Diedrich
    Giorgio A. Sassine

    *Attorneys for Payvision B.V.*


IT IS SO ORDERED:

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

DATED:            July 7, 2022