1
2

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

3
4
5
6
7
8

T1 Payments LLC,

        Plaintiff,

 v.

New U Life Corporation,

        Defendant,

AND ALL RELATED COUNTERCLAIMS

Case No. 2:19-cv-01816-ART-DJA

ORDER

[ECF Nos. 328, 329, 330]

9
10
11
12
13
14
15
16
17

  Plaintiff and Counterclaim Defendant T1 Payments LLC, a card-payment processor, sued Defendant New U Life Corporation ("New U") for declaratory relief, and New U, a nutraceutical company, asserted numerous counterclaims against T1 Payments and other Counterclaim Defendants. In a prior order, Judge Gordon held that most of New U's counterclaims survived dismissal and dismissed other claims with leave to amend. In its Second Amended Counterclaim (SACC), New U amended its claims for civil theft (claim 3) and violation of the federal RICO statute (claim 7), and it added Counterclaim Defendants Pixxles LLC and Pixxles LTD.

18
19
20
21
22
23
24
25

  Before the Court are motions to dismiss (ECF Nos. 328, 329, and 330) filed by Counterclaim Defendants Kasdon, T1 entities, Fairchild, King, and Pixxles. At oral argument, Counterclaim Defendants' counsel acknowledged that they did not seek to dismiss claims that Judge Gordon's order already deemed to survive dismissal and focused instead on reasons to dismiss the amended claims and added parties. Accordingly, all claims already found to have survived the previous motion to dismiss in Judge Gordon's omnibus order (ECF No. 194) may proceed and will not be addressed in this order.

26
27
28

  The Court now holds that the claims added in the SACC, specifically, for civil theft (Claim 3) and violation of the federal RICO statute (Claim 7), and parties

1

added, namely, Pixxles LLC and Pixxles LTD, also survive the motions to dismiss, which are denied.

## I.   PROCEDURAL HISTORY

T1 Payments LLC filed suit against New U in this Court on October 17, 2019. (ECF No. 1.) Defendant New U filed an answer and counterclaim on November 20, 2019. (ECF No. 8.) The Court granted New U leave to file its First Amended Counterclaim (FACC) on January 14, 2021. (ECF Nos. 84, 85.) The FACC added several of the current Counterclaim Defendants. Defendants sought to dismiss the entirety of the counterclaims in a motion to dismiss filed on January 28, 2021. (ECF No. 88.)

Judge Gordon issued an omnibus order denying the motion to dismiss in part and granting it in part on January 21, 2022. (ECF No. 194.) That omnibus order dismissed Defendant New U's allegation of alter ego liability between all the several defendants, Defendant New U's claim for civil theft against all Counterclaim Defendants, and Defendant New U's federal RICO claim. The omnibus order permitted New U to "file a second amended counterclaim . . . if facts exist to do so." (ECF No. 194, at 30.)

New U filed the SACC on May 12, 2022. (ECF Nos. 215, 217-1.) The SACC added several new allegations meant to cure deficiencies for claims that the omnibus order dismissed without prejudice, and it added two new parties: Pixxles LLC, a Nevada-based limited liability company, and Pixxles LTD, a company based in England. Various Counterclaim Defendants filed separate motions to dismiss.

T1 Payments LLC declared bankruptcy around February 16, 2023, (ECF No. 299), and the Court stayed proceedings and dismissed all pending motions without prejudice. (ECF No. 300.) Counterclaim Defendants then re-filed their motions to dismiss. (ECF Nos. 328, 329, 330.)

On September 13, 2024, the Court held a hearing to resolve pending

1    motions.

2    **II.   STANDARD OF REVIEW**

3          A court may dismiss a complaint for "failure to state a claim upon which

4    relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must

5    provide "a short and plain statement of the claim showing that the pleader is

6    entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S.

7    544, 555 (2007). While Rule 8 does not require detailed factual allegations, it

8    demands more than "labels and conclusions" or a "formulaic recitation of the

9    elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing

10   *Twombly*, 550 U.S. at 555). "Factual allegations must be enough to rise above the

11   speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to

12   dismiss, a complaint must contain sufficient factual matter to "state a claim to

13   relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550

14   U.S. at 570). Under this standard, a district court must accept as true all well-

15   pleaded factual allegations in the complaint and determine whether those factual

16   allegations state a plausible claim for relief. *Id.* at 678-79.

17         Federal Rule of Civil Procedure 9(b) requires a plaintiff to "state with

18   particularity the circumstances constituting fraud." This particularity standard

19   requires alleging "the who, what, when, where, and how of the misconduct

20   charged, including what is false or misleading about a statement, and why it is

21   false." *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1180 (9th Cir.

22   2016) (cleaned up). Allegations under Rule 9(b) must be "specific enough to give

23   defendants notice of the particular misconduct which is alleged to constitute the

24   fraud charged so that they can defend against the charge and not just deny that

25   they have done anything wrong." *Id.*

26         "[J]udges who sit in the same court should not attempt to overrule the

27   decisions of each other." *Zeyen v. Bonneville Joint Dist., # 93*, No. 23-35438, 2024

28   WL 3909574, at *4 (9th Cir. Aug. 23, 2024) (citing *Castner v. First Nat'l Bank of*

1   *Anchorage*, 278 F.2d 376, 379 (9th Cir. 1960)).

2   **III.   DISCUSSION**

3       **A. T1 Did Not Violate Rule 12(g).**

4       The Court reiterates its holding from the hearing that T1 did not violate

5   Rule 12(g) by filing a successive motion to dismiss following amendment of the

6   complaint.

7       **B. New U Permissibly Amended the SACC.**

8       The Court also reiterates that New U permissibly amended their complaint

9   to add Pixxles, LLC, and Pixxles, LTD. The omnibus order allowed New U to

10  amend its complaint "if facts exist to do so" and may not be construed to prohibit

11  adding new parties. (See ECF No. 194, at 30.)

12      **C. New U Has Adequately Alleged Personal Jurisdiction Over Pixxles.**

13      This Court may exercise personal jurisdiction over each of the

14  Counterclaim Defendants, including both Pixxles LTD and Pixxles LLC.

15      Both Pixxles entities have argued that they are not subject to this Court's

16  jurisdiction. In its motion to dismiss, Pixxles LTD argues that New U has failed

17  to show personal jurisdiction via alter ego liability and that this Court lacks

18  personal jurisdiction over Pixxles LTD because it is a UK company with no ties to

19  Nevada. At the hearing, counsel for Counterclaim Defendants argued for the first

20  time that New U has failed to allege personal jurisdiction over Pixxles LLC.

21  Though this argument appears to have been waived, Fed. R. Civ. P. 12(h), it would

22  fail in any event because New U has adequately alleged that the Court has

23  personal jurisdiction over both Pixxles entities via alter ego jurisdiction.

24      New U has adequately alleged that the Pixxles entities are alter egos of T1

25  Payments LLC, and the Court has personal jurisdiction over T1 Payments LLC.

26  "Plaintiffs who avail themselves of the district court consent to personal

27  jurisdiction." *Schnabel v. Lui*, 302 F.3d 1023, 1037 (9th Cir. 2002). Because T1

28  Payments LLC filed this suit (ECF No. 1), this Court has personal jurisdiction

over T1 Payments LLC.

New U has alleged that both Pixxles LTD and Pixxles LLC are alter egos of T1 Payments LLC. "The alter ego test may be used to extend personal jurisdiction to a foreign parent or subsidiary when, in actuality, the foreign entity is not really separate from its domestic affiliate." *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1073 (9th Cir. 2015). To satisfy the alter ego test, a plaintiff must make out a prima facie case (1) that there is such unity of interest and ownership that the separate personalities of the two entities no longer exist and (2) that failure to disregard [their separate identities] would result in fraud or injustice. *Id.* In evaluating a motion to dismiss based on lack of personal jurisdiction, "uncontroverted allegations must be taken as true," and "[c]onflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor." *Schwarzenegger v. Fred Martin Motor Co.,* 374 F.3d 797, 800 (9th Cir. 2004) (quoting *Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.,* 551 F.2d 784, 787 (9th Cir. 1977)).

New U alleges that "T1UK, TGlobal Services LLC, TGlobal Services Ltd., Pixxles LLC, and Pixxles Ltd. are wholly controlled alter egos of T1 Payments LLC." (SACC.) To satisfy the first element in the alter ego test, New U must show "such unity of interest and ownership that the separate personalities of the two entities no longer exist." *Ranza*, 793 F.3d at 1073. The Court considers several factors that suggest if two entities have a unity of interest and ownership. These include

> (1) inadequate capitalization, (2) commingling of funds and other assets, (3) disregard of corporate formalities and failure to maintain an arm's length relationship, (4) holding out by one entity that it is liable to the debts of the other, (5) identical equitable ownership, (6) use of the same offices and employees, (7) lack of segregation of corporate records, (8) manipulating assets between entities so as to concentrate the assets in one

and the liabilities in another, and (9) identical directors and officers.
*See City & County of San Francisco v. Purdue Pharma L.P.*, 491 F. Supp.3d 610, 635 (N. D. Cal. 2020).

New U's pleadings satisfy the first element of the alter ego test. New U's allegations support the first, second, fourth, and eighth factors by claiming that Kasdon used T1 assets to found Pixxles, that T1 pays the expenses of the Pixxles entities, and that T1 made these transfers to avoid other merchant creditors like New U. New U has plausibly alleged that T1 has undertaken this sort of conduct repeatedly by incorporating records of other lawsuits against T1 and Better Business Bureau complaints alleging similar conduct. (*See* ECF No. 194, at 26.) New U's allegations support the fifth, sixth, seventh, and ninth factors by claiming that Kasdon exercises complete control over Pixxles, that Amber Fairchild, Kasdon's girlfriend, is listed as the owner because Kasdon is listed on the industry blacklist "Member-Alert-To-Control-High-risk" database, and that the Pixxles employees were not only the same as T1 employees, but that they worked out of T1's offices in the United States. (*See* ECF No. 215-2.)

New U has also satisfied the second element of the alter ego test by sufficiently alleging that failure to disregard the separate identities of the Pixxles entities and the T1 entities would result in fraud or injustice. *Ranza*, 793 F.3d at 1073. Alter ego liability exists to prevent companies from using a "shell game" to hide assets against creditors or otherwise abuse the corporate form. *See San Francisco v. Purdue*, 491 F. Supp. 3d at 638. New U claims that Kasdon has removed New U's stolen money from T1 businesses and possibly transferred it to Pixxles, or plans to transfer it to Pixxles, to avoid paying New U if New U's counterclaims succeed. New U has already plausibly alleged that Kasdon and T1 have a history of establishing companies for such a "shell game."

In sum, New U has adequately alleged that both Pixxles entities are alter egos of the T1 entities for jurisdictional purposes.

6

**D. New U Has Adequately Alleged Alter Ego Liability for Nevada Claims.**

The omnibus order found that New U had not adequately pled alter ego liability for the various counterclaim defendants. In the SACC, New U pled additional facts to establish alter ego liability for its state law claims. "The alter ego analysis for LLCs is the same as that for corporations." *Ene v. Graham*, 546 P.3d 1232, 1236 (Nev. 2024); *see* NRS 86.376; *id.* 78.747. The standard is whether "(a) the LLC is influenced and governed by the [alleged alter ego], (b) there is a unity of interest and ownership such that the person and LLC are inseparable, and (c) adherence to the notion of separate entities would sanction fraud or promote injustice." *Ene*, 546 P.3d at 1236 (Nev. 2024).

Applying Nevada's alter ego test to the SACC, New U has adequately alleged factor (a) through its claims that Kasdon controls all the T1 and Pixxles entities, whether personally or through straw owners like Fairchild and King. New U has adequately alleged factor (b) by claiming that Kasdon and T1 intermingle assets between the T1 entities and the Pixxles entities, that Pixxles is managed out of the T1 offices and uses T1 employees, and that Pixxles lacks any independent business interest; and New U has adequately alleged factor (c) by claiming that Kasdon transferred T1's assets to the Pixxles entities to avoid creditors, including New U, and by plausibly claiming that T1 and Kasdon have undertaken similar fraudulent schemes against other merchants. *See supra.* As such, the Court finds that New U has adequately alleged alter ego liability of the various T1 entities for Nevada state law claims.

**E. New U Has Adequately Alleged Civil Theft Against T1 Entities and Alter Egos.**

In Nevada, owners of stolen property may sue a person who "buys, receives, possesses or withholds [the owner's] property under circumstances that make such conduct a violation" of NRS 205.275, Nevada's criminal theft statute. NRS 41.580. The omnibus order dismissed New U's counterclaim under 41.580

because the statute "unambiguously creates a cause of action against only the recipient of stolen property." (ECF No. 194.)

New U amended its counterclaim to allege that "TGlobal Services LLC received [New U's] funds that were stolen by the other Counterclaim Defendants." (ECF No. 217-1.) TGlobal Services LLC is the only party New U seeks to hold directly liable under NRS 41.580. The Court accordingly finds that New U has adequately stated a claim for civil theft against TGlobal Services LLC.

New U still claims a violation of NRS 41.580 against the other Counterclaim Defendants by alleging that all T1 and Pixxles entities are liable as alter egos of TGlobal Services LLC, and Fairchild and King are liable for aiding and abetting the T1 entities.

The Court first addresses whether T1 and the other Pixxles entities may be held liable via an alter ego theory for TGlobal Services LLC's alleged receipt of stolen property. In other contexts, courts may not find the same individual liable for both stealing and receiving stolen property. For instance, Nevada criminal law prohibits convictions of theft and receipt of stolen property for the same underlying conduct. *Stowe v. State*, 857 P.2d 15, 17 (1993). This is because "the legislature in enacting the proscription against receipt and possession was 'trying to reach a new group of wrongdoers, not to multiply the offense of the . . . robbers themselves.'" *Id.* at 16 (quoting *Heflin v. United States*, 358 U.S. 415, 419–420 (1958)).

A thieving company may be liable for receipt of stolen property by its alter ego. "The essence of the alter ego doctrine is to do justice whenever it appears that the protections provided by the corporate form are being abused." *Ene*, 546 P.3d at 1236 (quoting *LFC Mktg. Grp., Inc.*, 8 P.3d 841, 845-46 (Nev. 2000)) (cleaned up). New U's allegation of alter ego liability here does not violate the principles in *Stowe* or *Heflin* by improperly concentrating liability on one alleged thief. Instead, it gives parties like New U insulation against abuse of the corporate

form to hide, transfer, or otherwise obfuscate ownership of assets. New U's allegation of alter ego liability will matter for this litigation if TGlobal Services LLC turns out to be undercapitalized and unable to pay for recovery, or if TGlobal Services LLC has already transferred the money at issue to another T1 or Pixxles entity. It does not impermissibly expand liability beyond the legislature's intent.

In addition to alter ego liability, New U adequately alleges that Fairchild and King are liable for aiding and abetting TGlobal Services LLC's receipt of New U's allegedly stolen funds. The omnibus order already held that New U adequately alleged that Fairchild and King were co-conspirators who aided and abetted the T1 entities' "common scheme" of withholding, then hiding, New U's money. (ECF No. 194, at 16.) The SACC adequately alleges that this common scheme included TGlobal Services LLC's receipt of New U's funds (allegedly stolen by T1 Payments LLC). As TGlobal Services LLC's receipt of stolen funds belongs to the same common scheme, New U has adequately alleged aiding and abetting liability against Fairchild and King.

**F. New U Has Adequately Alleged a RICO Violation Against T1 Entities, Alter Egos, and Aiders and Abettors.**

The Court also holds that New U has adequately amended its federal RICO claim against T1 parties, their alter egos, and their aiders and abettors. The omnibus order held that New U adequately alleged a Nevada RICO claim against the T1 defendants but failed to allege a federal RICO violation against them because New U had not "plausibly alleged that it was harmed by the alleged credit card laundering scheme or any related wire fraud, access device fraud, or money laundering." (ECF No. 194, at 27.) The Court reads the omnibus order as holding that the only deficiency in this claim was the failure to show harm arising out of the alleged credit card laundering scheme. (*See also id.* at 12.) As such, the Court evaluates only whether New U has pled that they suffered harm arising out of that scheme. In the SACC, New U alleges that the scheme caused New U harm

by making it "more difficult for [New U] to follow an audit trail and ultimately recover its stolen money." (SACC.) This is adequate harm to plead at this stage. New U's RICO claim against T1 entities and their alter egos may proceed against T1 entities on the federal RICO claim.

## IV.    CONCLUSION

IT IS THEREFORE ORDERED that Counterclaim Defendants' Motions to Dismiss (ECF Nos. 328, 329, 330) are DENIED.

DATED THIS 29th day of September 2024.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE