J. Malcolm DeVoy
Nevada Bar No. 11950
Erica C. Medley
Nevada Bar No. 13959
Caitlan J. McMasters
Nevada Bar No. 16585
**HOLLAND & HART LLP**
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134
Phone: 702.669.4600
Fax: 702.669.4650
jmdevoy@hollandhart.com
ecmedley@hollandhart.com
cjmcmasters@hollandhart.com

Carlos A. Rodriguez (*Pro hac vice pending*)
CARLOS A. RODRIGUEZ LAW PLLC
9271 SW 52 Terr.
Miami, FL 33165
Tel: (305) 562-2254
carlos@carodriguezlaw.com

*Attorneys for Defendants*
*Donald Kasdon, Debra King and Amber Fairchild*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| T1 PAYMENTS, LLC, a Nevada limited liability company,<br><br>                    Plaintiff,<br><br>v.<br><br>NEW U LIFE CORPORATION, a California corporation,<br><br>                    Defendants.<br><br>And related counterclaims. | Case No.  2:19-cv-01816-ART-DJA<br><br>**JOINT DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>**SPECIAL SCHEDUING ORDER REVIEW REQUESTED** |

### JOINT STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER

Under Federal Rule of Civil Procedure 26(f) and Local Rule 26-1, the parties conducted a discovery planning conference on October 24, 2024 (the "*Conference*"), and continued to confer regarding the scheduling and order of discovery in this action since that conference and through the submission of this joint discovery plan and scheduling order.  In attendance for the

1

conference were Puoy Premsrirut for Defendant / Counterclaimant New U Life Corporation, and J. Malcolm DeVoy for Counterclaim Defendants Donald Kasdon, Amber Fairchild, Debra King, Pixxels LLC, and Pixxles, Ltd.  Counsel for the parties acknowledged that prior discovery had occurred as jurisdictional discovery in this action, but that substantive discovery regarding the full claims and defenses asserted in this action remained to be completed.  By and through the undersigned counsel of record, the parties submit the following proposed stipulated joint discovery plan and scheduling order in compliance with Federal Rule of Civil Procedure 26(f) and Local Rule 26-1:

1. **Discovery Cut-Off Date**: The parties that all discovery must be completed no later than Monday, **December 8, 2025**.

2. **Joint Protective Order**: The parties have previously entered a stipulated protective order in this action. The parties will meet and confer in good faith if any amendments to that order are deemed necessary or desirable as this action progresses, and attempt to arrive at those changes without judicial intervention.

3. **Initial Disclosures**:  The parties agree to exchange Rule 26(a) initial disclosures no later than Monday, **April 21, 2025**.

4. **Amendment of Pleadings and Parties**:  The parties agree to file any motions to amend pleadings or to add parties no later than 90 days before the close of discovery, by Tuesday, **September 9, 2025**.

5. **Initial Expert Designations**: The parties agree to file any motions to amend pleadings or to add parties no later than 60 days before the close of discovery, by Thursday, **October 9, 2025**.

6. **Rebuttal Expert Designations**: The parties agree to designate and disclose rebuttal experts 30 days after the deadline to make initial expert designations, and thus these rebuttal expert designations must be disclosed by Monday, **November 10, 2025**.[1]

---

[1] 30 days after the deadline to make initial expert designations is Saturday, November 8, 2025, and thus this date is moved to the next day when this Court is open.

2

7. **Dispositive Motion Deadline**: The parties agree that dispositive motions are due approximately 30 days after discovery closes, on Wednesday, **January 7, 2026**.

**Outstanding Discovery:** The parties have had multiple calls and meetings to discuss the outstanding discovery on September 18, 2024, October 24, 2024, January 14, 2025 and February 25, 2025. All parties may conduct depositions, written discovery, and all other discovery that may become necessary as litigation continues. New U Life Corporation reserves the right to re-notice any deposition previously taken that was limited in scope by Court Order to solely jurisdictional discovery.

8. **Purchase of T1 Payment Claims:** On April 4, 2024, Lenard E. Schwartzer, as chapter 7 trustee (the "*Trustee*") of the bankruptcy estate of T1 Payments, LLC and Donald Kasdon ("*Kasdon*") entered into an Asset Purchase Agreement ("*Agreement*"). Pursuant to the Agreement, Kasdon purchased Alter Ego Claims, Kasdon/King Chapter 5 Claims, and Affirmative Claims, including both claims relating to this case and other cases not before this Court, for a total purchase price of $36,000.00.  The parties have discussed existing precedent regarding the obligations of an assignee to participate in discovery regarding the assignor when pursuing assigned claims, and understand that Kasdon will have certain discovery obligations related to T1 Payments LLC to the extent he seeks to pursue the T1 Payments LLC claims assigned to him.

9. **Alternative Dispute Resolution:** The parties certify that they discussed alternative dispute resolution.

10. **Alternative Forms of Case Disposition**: The parties hereby certify that during their initial conference under Fed. R. Civ. P. 26(f) they considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 and use of the short trial program (General Order 2013-01).

11. **Electronic Evidence**: The parties certify that they have discussed whether they intend to present evidence in electronic format to jurors for the purposes of jury deliberations, and agreed that the parties will discuss the production of evidence in electronic format compatible with the Court's electronic jury evidence display system at a later conference.

3

12. **Court Conference**: The parties do not request a conference with the Court concerning the scheduling order at this time. The parties do not believe that other changes to the schedule are necessary at this time, other than as contemplated in the Local Patent Rules and as set forth in the Joint Discovery Plan and Scheduling Order.

13. **Later Appearing Parties**: A copy of the discovery plan and scheduling order, and any subsequent order amending the original scheduling order, shall be served on any person served after it is entered or, if additional defendants should appear, within five days of their first appearance. This discovery plan and scheduling order shall apply to such later-appearing party or parties, unless the Court, on motion and for good cause shown, orders otherwise.

14. **Extensions or Modifications of the Discovery Plan and Scheduling Order**: LR 26-3 ~~26-4~~ governs modifications or extensions of this discovery plan and scheduling order. Any stipulation or motion to extend any date set by this plan and order must be made not later than twenty-one (21) days before the expiration of the subject deadline and comply fully with LR 26-4.

15. **Issues Regarding Claims of Privilege or Work Product**: The Parties acknowledge and agree that the protective order on file in this action will apply to any issues regarding claims of privilege or work product.

16. **Summarizing Fed. R. Civ. P. 26(f)(3) Compliance**:

    a. The parties did not request changes to the timing, form, or requirement for disclosures under Rule 26(a), and set the deadline for initial disclosures for Monday, April 21, 2025.

    b. The parties agreed that discovery should be completed by **Monday, December 8, 2025,** and no party requested phased or limited discovery. The discovery topics will include, but are not limited to, Counterclaimant's claims against Counterclaim Defendants and the Counterclaim Defendants' affirmative defenses thereto.

    c. The parties agreed to discuss the form and production of electronically stored information at a later conference and as such need may arise.

      d.    The parties have previously addressed privilege and protection of materials in their stipulated protective order previously entered and filed in this action, and will further address any new issues that arise through good faith communication before seeking any judicial intervention, including amendment of the protective order on file herein.

      e.    The parties did not request changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure or this Court's Local Rules.

      f.    The parties did not request that the Court issue other orders under Rule 26(c) or Rule 16(b) or (c) at this time.

IT IS FURTHER ORDERED that any extension of the discovery deadline will not be allowed without a showing of good cause for the extension. All motions or stipulations to extend discovery must be received by the Court at least **21 days before the expiration of the subject deadline.** A request made after this date will not be granted unless the movant demonstrates that the failure to act was the result of excusable neglect. The motion or stipulation must include:

(a) A statement specifying the discovery completed by the parties as of the date of the motion or stipulation;

(b) A specific description of the discovery that remains to be completed;

(c) The reasons why the remaining discovery was not completed within the time limit of the existing discovery deadline; and

(d) A proposed schedule for the completion of all remaining discovery.

IT IS FURTHER ORDERED that, if no dispositive motions will be filed within the time specified in this order, then the parties must file a written, joint proposed pretrial order within 30 days of the dispositive motion cutoff. If dispositive motions are filed, then the parties must file a written, joint proposed pretrial order within 30 days of the date the Court enters a ruling on the dispositive motions. Within 30 days of the entry of a pretrial order, or as further ordered by the Court, the parties must submit to a pretrial settlement conference.

IT IS SO STIPULATED.

5

DATED this 26th day of March 2025.

| **BROWN BROWN & PREMSRIRUT** | **HOLLAND & HART LLP** |
|---|---|
| /s/ Puoy K. Premsrirut | /s/ J. Malcom DeVoy |
| Puoy K. Premsrirut, Esq. | Robert Cassity |
| 520. South Fourth Street. 2nd Floor | J. Malcolm DeVoy |
| Las Vegas, NV 89101 | Erica C. Medley |
| Telephone: (702) 384-5563 | Caitlan J. McMasters |
| Fax: (702) 385-6965 | 9555 Hillwood Drive, 2nd Floor |
| puoy@brownlawv.com | Las Vegas, NV 89134 |
| | |
| *Attorneys for Defendant / Counterclaimant New U Life Corporation* | Carlos A. Rodriguez (*Pro hac vice pending*) |
| | **CARLOS A. RODRIGUEZ LAW PLLC** |
| | 9271 SW 52 Terr. |
| | Miami, FL 33165 |
| | |
| | *Attorneys for Counterclaim Defendants Donald Kasdon, Debra King, Amber Fairchild, Pixxels LLC, and Pixxels, Ltd.* |

IT IS SO ORDERED on this 27th day of March, 2025.

_____
UNITED STATES MAGISTRATE JUDGE