UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| T1 Payments, LLC,<br>  Plaintiff(s),<br>v.<br>New U Life Corporation,<br>  Defendant(s). | Case No. 2:19-cv-01816-ART-NJK<br>**Order**<br>[Docket No. 370] |

Pending before the Court is a stipulation to extend the initial expert disclosure deadline, and subsequent case management deadlines, by 30 days. Docket No. 370.

**I.    BACKGROUND**

This is a very old case that was stayed at times.[1] On February 12, 2024, the stay was lifted. Docket No. 327. The parties did not at that time file a proposed scheduling order. On September 29, 2024, motions to dismiss were resolved. Docket No. 363. The parties did not at that time file a proposed scheduling order. On October 15, 2024, an answer was filed to the second amended counterclaim. Docket No. 365. The parties did not file a proposed scheduling order at that time.

On March 26, 2025, the parties filed a joint discovery plan and proposed scheduling order. Docket No. 366. That discovery plan indicated that counsel had conducted a Rule 26(f) conference five months earlier on October 24, 2024, and that they continued to confer thereafter. *Id*. at 1. No explanation is provided as to why the joint discovery plan was not filed during the interim months. The discovery plan indicated that "prior discovery had occurred as jurisdictional discovery in this action" such that "substantive discovery regarding the full claims and defenses asserted in this action remained to be completed." *Id.* at 2. The discovery plan sought an extended discovery

---

[1] The undersigned was assigned to this case after years of litigation, on June 13, 2025. Docket No. 369. The docket is extensive. The Court discusses herein only the background most pertinent to the instant request.

1

period, including a deadline to serve initial expert disclosures on October 9, 2025. *See id.* at 2. The discovery plan recognized that "[a]ll motions or stipulations to extend discovery must be received by the Court at least **21 days before the expiration of the subject deadline**." Docket No. 366 at 5 (emphasis in original); *see also id.* at 4 ("Any stipulation or motion to extend any date set by this plan and order must be made not later than twenty-one (21) days before the expiration of the subject deadline"). On March 27, 2025, the magistrate judge previously assigned to the case approved the discovery plan and entered a corresponding scheduling order. Docket No. 367.

On October 9, 2025, the parties filed the instant stipulation seeking relief from the initial disclosure deadline set to expire about 15 hours later. *See* Docket No. 370 (notice of electronic filing). The stipulation identifies no discovery having been conducted since 2020. *See* Docket No. 370 at 2. Hence, it appears no discovery of any kind was conducted following entry of the scheduling order setting the deadlines now at issue. *See* Local Rule 26-3(a). With respect to the reasons why discovery has not been completed on the schedule previously ordered, the parties indicate that "[p]rior discovery had occurred as jurisdictional discovery in this action, but that substantive discovery regarding the full claims and defenses asserted in this action remained to be completed." Docket No. 370 at 3. This is substantially the same representation the parties made many months ago. *See* Docket No. 366 at 2. The stipulation also indicates that "[t]he [p]arties need an additional month to obtain and secure expert witnesses." Docket No. 370 at 3. No explanation is provided as to *why* that is so.

**II.   STANDARDS**

"The district court is given broad discretion in supervising the pretrial phase of litigation," including in issuing and enforcing scheduling orders. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). "The Ninth Circuit has also repeatedly and emphatically addressed the importance of scheduling orders as tools for district courts to manage their heavy caseloads." *Desio v. State Farm Mut. Auto. Ins. Co.*, 339 F.R.D. 632, 641 (D. Nev. 2021) (collecting cases). As articulated in one of those cases:

> A scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." The district court's decision to honor the terms of its binding scheduling

> order does not simply exalt procedural technicalities over the merits of [the] case. Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier.

*Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (internal citation omitted). In short, Rule 16 of the Federal Rules of Civil Procedure, as well as the scheduling orders entered pursuant to that rule, must "be taken seriously." *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994); *see also Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005) (recognizing that "deadlines are [to be] taken seriously by the parties, and the best way to encourage that is to enforce the deadlines").[2] "District court oversight is encouraged to avoid 'protracted discovery, the bane of modern litigation.'" *Garcia v. Serv. Emps. Int'l Union*, 332 F.R.D. 351, 354 (D. Nev. 2019) (quoting *Rossetto v. Pabst Brewing Co.*, 217 F.3d 539, 542 (7th Cir. 2000)); *see also, e.g.*, *Sherman v. United States*, 801 F.2d 1133, 1135 (9th Cir. 1986) (explaining that Rule 16 is meant to encourage "forceful judicial management" of case administration).

A request to extend unexpired deadlines in the scheduling order must be premised on a showing of good cause. Fed. R. Civ. P. 16(b)(4); Local Rule 26-3. The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson*, 975 F.2d at 609. "The diligence obligation is ongoing." *Morgal v. Maricopa Cnty. Bd. of Supervisors*, 284 F.R.D. 452, 460 (D. Ariz. 2012). "The showing of diligence is measured by the conduct displayed throughout the entire period of time already allowed." *Williams*, 627 F. Supp. 3d at 1178 (citing *Muniz v. United Parcel Serv., Inc.*, 731 F.Supp.2d 961, 967 (N.D. Cal. 2010) and *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999)). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson*, 975

---

[2] "The Ninth Circuit is protective of this particular rule, as it deems Rule 16 to be an essential tool in controlling heavy trial court dockets." *Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1177 n.3 (D. Nev. 2022) (quoting *Gerawan Farming, Inc. v. Rehrig Pac. Co.*, No. 1:11-cv-01273-LJO-BAM, 2013 WL 645741, at *4 (E.D. Cal. Feb. 21, 2013)). The Ninth Circuit has at times taken a softer approach to extensions of deadlines outside the Rule 16 context, but those cases do not apply to requests to extend case management deadlines pursuant to Rule 16. *See, e.g.*, *Williams*, 627 F. Supp. 3d at 1177 n.3 (citing *Espinosa v. Corrections Corp. of Am.*, No. 2:19-cv-01617-RFB-NJK, 2021 WL 4186694, at *1 n.1 (D. Nev. Aug. 23, 2021)).

F.2d at 609. When diligence has not been shown in support of an extension request, "the inquiry should end." *Id.*

That an extension request is made jointly "neither mandates allowance of the extension sought nor exempts parties from making the necessary showings to justify that relief. Failure to provide such showings may result in denial of a stipulated request to extend the case management deadlines." *Williams*, 627 F. Supp. 3d at 1178.

### III. ANALYSIS

The instant request falls woefully short of meeting the governing standard. The parties' representation is that they have engaged in zero discovery for years, including in the months since they conducted the Rule 26(f) conference and in the months since the scheduling order was entered. *See* Docket No. 370 at 2. Obviously, doing nothing is antithetical to the required showing of diligence.

The reasoning advanced is likewise unpersuasive. The stipulation indicate that the parties need more time for discovery and, in particular, more time to obtain and secure expert witnesses. *Id.* at 3. That the parties want more time for discovery is inherent in every request to extend discovery deadlines, that is literally the purpose of the request. On the other hand, decades of settled law mandates that determining whether good cause exists turns on the reasons *why* the prior period allotted for discovery proved to be insufficient. The stipulation provides no explanation of any kind why the parties here could not comply with the current schedule (which provided many months to conduct discovery and obtain experts) by exercising reasonable diligence.

In short, the stipulation fails to establish good cause for the extension sought. Moreover, because the stipulation was filed at the last minute, rather than 21 days in advance of the subject deadline, the parties likely find themselves in a pickle of their own making because the deadline for initial expert disclosures expired last night before this order could issue. *Cf.* Local Rule IC 3-1(a). Given that the request is made jointly and as a one-time courtesy to the parties so the case can be decided on its merits, the Court will allow the parties time to comply with their initial expert disclosure obligations up to and including October 17, 2025. **All other deadlines in the scheduling order remain unchanged**.

4

## IV. CONCLUSION

Accordingly, the Court **GRANTS** in limited part and otherwise **DENIES** the stipulation to extend case management deadlines. The initial expert disclosure deadline is extended to October 17, 2025. All other deadlines in the scheduling order remain unchanged.

IT IS SO ORDERED.

Dated: October 10, 2025

_____
Nancy J. Koppe
United States Magistrate Judge